UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RAMON LEYVA DELGADO (A241-968-360),<br><br>Petitioner,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Respondents. | No. 1:26-cv-04452-TLN-SCR<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241 challenging his ongoing detention as a due process violation. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.      Factual and Procedural History**

Petitioner is a native and citizen of Cuba who entered the United States on August 29, 2022 without being inspected by immigration officials. ECF No. 13-1 at 2. He was released on his own recognizance after being served with a Notice to Appear ("NTA") in immigration court. ECF No. 13-1 at 2, 11. Immigration and Customs Enforcement ("ICE") officers re-detained him on November 16, 2025, after he served a sentence on two counts of misdemeanor battery in Charlotte County, Florida. ECF No. 13-1 at 2; ECF No. 13-2 (court records). Petitioner challenges his detention on the basis that he has been wrongly categorized as subject to

1

mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).  ECF No. 1 at 7.  Instead, Petitioner contends that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and is entitled to a bond hearing before an immigration judge.  Id.  By way of relief, he seeks immediate release "either without bond or with bond in a reasonable amount to be determined by this Court." Id.

In their answer, Respondents agree that Petitioner is subject to discretionary detention under § 1226(a).  ECF No. 13 at 1.  However, he received the bond hearing to which he is entitled pursuant to that statute on May 18, 2026.[1]  ECF No. 13 at 3; ECF No. 15-1 at 1-2.  According to Respondents, the immigration judge denied him a bond after finding that he was a danger to the community.  Id.  Respondents additionally argue that the pending § 2241 petition should be dismissed on exhaustion grounds because Petitioner has not appealed the IJ's bond denial to the BIA.  ECF No. 13 at 3.  On the merits of the habeas petition, Respondents contend that it should be denied because Petitioner has already received the bond hearing that he requested.  ECF No. 13 at 3-4.

Petitioner did not file a reply and the time to do so has expired.  Therefore, the petition has been fully briefed.

**II.      Analysis**

As a matter of due process, prolonged detention is unlawful absent a fair hearing to determine whether continued detention is necessary to protect against danger or flight risk.  See Lopez v. Garland, 631 F. Supp. 3d 870, 877 (E.D. Cal. 2022) ("[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.") (quotation omitted).  In this case, the parties agree that petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a).  Such a bond hearing held on May 18, 2026.  Therefore, petitioner has already received the remedy for his due process violation, albeit belatedly, in the form of the

---

[1]  While the record is not absolutely clear on this point, it appears that Petitioner received a bond hearing because this habeas action originated in a court within the Eleventh Circuit.  The Eleventh Circuit held on May 6, 2026 that individuals in Petitioner's circumstances are detained under § 1226(a), rather than § 1225(b)(2)(A).  ECF No. 13 at 2.

May 2026 bond hearing.  As another judge in this Circuit concluded in a factually similar case:

> The fact that a post-deprivation bond hearing may be insufficient to cure a procedural due process violation at the moment of re-detention does not render the resulting bond decision legally irrelevant . . . . Accordingly, even assuming a legal error occurred at the outset of Petitioner's detention, the IJ's subsequent bond denial supplies a lawful basis for his detention unless and until Petitioner demonstrates separate legal error invalidating that decision.

Singh v. Noem, No. 2:26-cv-0304 GJL, 2026 WL 482389, *3 (W.D. Wash. Feb. 20, 2026).  Thus, the undersigned concludes that petitioner has already received the habeas remedy for the violation of his procedural due process rights.[2]  Accordingly, petitioner is not entitled to relief on his procedural due process claim.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's application for a writ of habeas corpus be denied.

2.  The Clerk of Court enter judgment for Respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 3, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

[2]  Although a habeas writ does not provide a retrospective remedy for the roughly six months of detention without a bond hearing, a claim for damages challenging this period of allegedly unconstitutional detention is a potential remedy for petitioner's claim.  See Lanuza v. Love, 899 F.3d 1019, 1026 (9th Cir. 2018) (emphasizing that the Supreme Court in Ziglar v. Abbasi, 582 U.S. 120 (2017) did not "bar[] extending Bivens remedies to an immigration case" or preclude the possibility of extending Bivens "to a case involving the substantive and procedural clauses of the Fifth Amendment"); but see Mirmehdi v. United States, 689 F.3d 975, 984 (9th Cir. 2012) (decision to detain noncitizen pending resolution of immigration proceedings fell within discretionary function exception to waiver of sovereign immunity under Federal Tort Claims Act).

3